[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10172
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-60832-JIC

SANDRA ASTRID PINEDA,

Plaintiff-Appellant,

versus

CUSTOMS AND BORDER PROTECTION,
Jorge Roig, Director,
CUSTOMS AND BORDER PROTECTION OFFICER,
Molina Maritrini,
DEPARTMENT OF HOMELAND SECURITY (DHS),
Janet Napolitano, Secretary,

Defendants-Appellees,

U.S. ATTORNEY'S OFFICE,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 22, 2013)

Before WILSON, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Sandra Pineda appeals the district court's dismissal of her complaint for a lack of subject matter jurisdiction.  Pineda's complaint sought mandamus relief and review of her expedited removal order.  Officials removed Pineda on an expedited basis after a Customs and Border Protection (CBP) officer determined she was an intending immigrant without an immigrant visa.  On appeal, she argues she was unlawfully placed in expedited removal proceedings and denied the right of a fair removal hearing.  After review, we affirm the district court's order dismissing the case for lack of jurisdiction.[1]

Congress has limited the scope of review for orders of expedited removal issued pursuant to 8 U.S.C. § 1225(b)(1):

> Notwithstanding any other provision of law (statutory or nonstatutory), including . . . sections 1361 and 1651 of such title, *no court shall have jurisdiction to review*—
>
> (i) except as provided in subsection (e) of this section, any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title[.]

---

[1] We review a district court's decision to dismiss a complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) *de novo.  Christian Coalition of Fla., Inc. v. United States*, 662 F.3d 1182, 1188 (11th Cir. 2011).

2

8 U.S.C. § 1252(a)(2)(A)(i) (emphasis added). Moreover, while a court may determine whether an alien has been ordered removed under § 1225(b)(1), "[t]here shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal." 8 U.S.C. 1252(e)(5).

As noted by the district court, it was undisputed that officials removed Pineda on an expedited basis after a CBP officer determined she was an intending immigrant without an immigrant visa, pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I). The INA bars judicial review of any claim arising from or relating to the implementation or operation of an expedited removal order, notwithstanding any other provision of law. 8 U.S.C. § 1252(a)(2)(A)(i). It specifically precludes review of whether an alien is actually inadmissible or entitled to any relief from removal. *See* 8 U.S.C. 1252(e)(5). Thus, the district court did not err in dismissing Pineda's complaint for a lack of jurisdiction because, without any applicable exception, her claims were judicially barred from review, as they related to the merits of her removal order. [2]

**AFFIRMED.**

---

[2] Although Pineda asserted federal question jurisdiction and jurisdiction under the Mandamus Act and the APA before the district court, she has waived any challenge to the district court's finding that none of these statutes independently established jurisdiction due to her failure to raise them on appeal. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). Additionally, Pineda's claim that she was denied a fair removal hearing does not constitute a constitutional or legal question properly before this court under 8 U.S.C. §1252(a)(2)(D).

3